UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TRENT MILEY

VERSUS

CARRINGTON MORTGAGE
SERVICES, LLC

CIVIL ACTION

NO. 17-143-JWD-EWD

**NOTICE AND ORDER**

On March 15, 2017, defendant, Carrington Mortgage Services, LLC ("Defendant") filed a Notice of Removal based upon complete diversity of citizenship pursuant to 28 U.S.C. § 1332.[1]

The Notice of Removal alleges that "[i]n the Petition, Plaintiff alleges that he is a domiciliary of the State of Louisiana."[2] However, Plaintiff's Petition for Damages alleges only that Plaintiff is "a resident of the lawful age of majority of the Parish of Livingston, State of Louisiana."[3] "For diversity purposes, citizenship means domicile, mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).

Defendant recognizes that its citizenship, as a limited liability company, "is determined by the citizenship of all its members."[4] *See also*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). To properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company and the citizenship of each member in accordance with the requirements of § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or

---

[1] R. Doc. 1.
[2] R. Doc. 1, ¶ 15.
[3] R. Doc. 1-1.
[4] R. Doc. 1, ¶ 16.

1

associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted).  Here, Defendant alleges:

> Carrington Mortgage Services, LLC's sole member is Carrington Mortgage Holdings, LLC….Carrington Mortgage Holdings, LLC's members are Carrington Holding Company, LLC…and a private individual who is not a citizen of Louisiana.  Carrington Holding Company, LLC's sole member is The Carrington Companies, LLC….The Carrington Companies, LLC members are two private individuals who are not citizens of Louisiana. Therefore, Carrington Mortgage Services, LLC is not a citizen of Louisiana.[5]

"When jurisdiction is based on diversity, we adhere strictly to the rule that citizenship of the parties must be 'distinctly and affirmatively alleged.'" *Mullins v. Testamerica, Inc.*, 300 Fed. Appx. 259, 259 (5th Cir. 2008) (quoting *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988)).  This court has previously held that "allegations phrased in the negative are insufficient."  *Truxillo v. American Zurich Ins. Co.*, 2016 WL 6987127, at * 6 (M.D. La. Oct. 24, 2016) (citing *Constance v. Austral Oil Exploration Co., Inc.*, 2013 WL 495779, at * 3 (W.D. La. Feb. 3, 2013)).  *See also*, *Compass Bank v. Sun Valley Motor Hotel, Ltd.*, 2014 WL 12605575, at * 2 (S.D. Tex. Feb. 21, 2014) ("the *Getty Oil* court did not require negative allegations of corporate citizenship; it condemned them.").  Accordingly, Defendant's allegations that members of the limited liability companies set forth above are individuals who are not citizens of Louisiana are insufficient.  Instead, Defendant must affirmatively allege the citizenship of each individual via a positive allegation of that individual's domicile.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant, Carrington Mortgage Services, LLC, shall file a Motion to Substitute the Notice of Removal with a proposed Notice of Removal that

---

[5] R. Doc. 1, ¶ 16.

affirmatively alleges the citizenship of the parties, specifically including affirmative allegations regarding the domicile of Plaintiff (whether based on information and belief or otherwise) and the domicile of the individuals who are members of the various limited liability companies within the chain of Defendant's members.  Defendant shall have seven (7) days from the date of this Notice and Order to file the Motion to Substitute without further leave of court.

Signed in Baton Rouge, Louisiana, on March 21, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**